DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed on January 23, 2009, requesting that the Complaint be dismissed.
A case management conference was held February 19, 2009. James and Kevia Jeffrey-West participated on their own behalf; Scarlet Weigel and Ken Collmer appeared for defendant. Plaintiffs asked for time to submit additional optional comments; nothing was received. The record closed April 8, 2008.
This appeal concerns residential property identified as Account R188628 for tax years 2007-08 and 2008-09. Plaintiffs purchased this home in May of 2008 for $675,000. Plaintiffs did not appeal to the Multnomah County Board of Property Tax Appeals (BOPTA) for either of those tax years. For tax year 2007-08, Plaintiffs request a reduction in the real market value (RMV) from $798,140 to $660,000. For 2008-09 tax year, Plaintiffs agree with Defendant's $750,400 RMV. They instead request any reduction in tax year 2007-08 be carried forward to affect the 2008-09 tax year maximum assessed value (MAV).
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The first step in the appeal process is file an appeal with a *Page 2 
county BOPTA. Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1]
However, some situations occur which prevent a taxpayer from timely appealing to the county board. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll or the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "Good and sufficient cause?:
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For the 2007-08 tax year, Plaintiffs could not submit an appeal to BOPTA as they did not yet own the property. It is unclear why the prior owner declined to protest the assessments. For tax year 2008-09, no appeal was filed because Plaintiffs agreed with the 2008-09 RMV at $750,400. As a result, the court finds good and sufficient cause is lacking for the failure to *Page 3 
timely pursue an appeal for the 2007-08 tax year. The court has no independent authority to adjust MAV for tax year 2008-09.
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under that approach. The statute states:
 "(1) The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * * .
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
ORS 305.288 (1) (emphasis added).
Here, the value range alleged by Plaintiffs is less than twenty percent. On a review of the pleadings, there is no showing of a gross error. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of April 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on April 27,2009. The Court filed and entered this document on April 27, 2009.
[1] All to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2007. *Page 1